## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

No. 19-50741
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 28, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ORBIE DALE CHAMBLISS,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

KURT D. ENGELHARDT, Circuit Judge:

Defendant-Appellant Orbie Dale Chambliss appeals the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i), a part of the First Step Act of 2018. On appeal, Chambliss contends the district court abused its discretion by denying the reduction. For the reasons stated, we AFFIRM.

## I.

Orbie Dale Chambliss was convicted of trafficking in methamphetamine in 2005 and was sentenced as a career offender to concurrent prison sentences of 360 months and 240 months. In September 2018, he was diagnosed with

No. 19-50741

advanced-stage liver cancer, and he was given "a poor prognosis of 2 to 3 months" life expectancy. Medical treatment at the Bureau of Prisons' (BOP) Federal Medical Center (FMC) Rochester, Minnesota, has extended his life, but the prognosis is still terminal. The Federal Public Defender (FPD) advised the district court in May 2019 that Chambliss' condition was deteriorating. Chambliss is 62 years old.

Following his terminal illness diagnosis, Chambliss began the process of seeking a compassionate release reduction in sentence, and he formulated a plan for his release. The BOP approved his "pursuit of an early release," and in February 2019, the BOP found that Chambliss was eligible for a compassionate reduction in sentence because his illness was terminal. Nonetheless, the BOP denied his request for compassionate release, citing "the serious nature of [his] offense and his violent criminal history," and concluding that "his release at this time would minimize the severity of his offense."

Chambliss then filed in the district court a motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i), a part of the First Step Act of 2018. *See* 132 Stat. 5194 (First Step Act of 2018). The district court denied the motion. Chambliss timely filed a notice of appeal.

## II.

A court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i).[1]  In commentary, the Sentencing Guidelines describe

---

[1] Prior to the First Step Act of 2018, a district court could grant relief under § 3582(c)(1)(A) only on a motion by the BOP. *Compare* 18 U.S.C. § 3582(c)(1)(A) (West 2018) (allowing either the BOP or a prisoner to make a motion to modify his sentence) *with* 18 U.S.C. § 3582(c)(1)(A) (West 2002) (only allowing the BOP to make a motion to modify a prisoner's sentence); *see also* 132 Stat. 5194 (§ 603(b)(1)).

"extraordinary and compelling reasons" to include "a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)" such as metastatic cancer, though no "specific prognosis of life expectancy" is required. § 1B1.13 (p.s.), comment. (n.1(A)(i)).  Here, the district court found that Chambliss' terminal illness was an extraordinary and compelling reason for compassionate release.[2]  Therefore, the only issue for our consideration is whether the district court abused its discretion by denying compassionate release despite Chambliss' eligibility for that relief.

To date, this court has not said what constitutes an abuse of discretion for compassionate release claims under § 3582(c)(1)(A)(i) of the First Step Act. However, the standard applicable to other motions for sentence reductions under § 3582(c)(2) is instructive.  In that context, a court abuses its discretion if it "bases its decision on an error of law or a clearly erroneous assessment of the evidence."  *United States v. Chapple*, 847 F.3d 227, 229 (5th Cir. 2017) (internal quotation marks and citation omitted).  Furthermore, in reviewing the application of the § 3553(a) sentencing factors, we look to the standard articulated in *Gall v. United States*, 552 U.S. 38, 51 (2007).  In *Gall*, the Supreme Court reasoned that a "sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case." *Gall*, 552 U.S. at 51 (internal quotation marks and citation omitted).  Thus, we give deference to the district court's decision and note that reversal is not justified where "the appellate court might reasonably have concluded that a different sentence was appropriate." *Id.*  Because we afford such deference to the district court, we in turn require a thorough factual record for our review.  Accordingly,

---

[2] As the Government does not contest that finding, it is not at issue in the instant appeal.

No. 19-50741

the district court must provide specific factual reasons, including but not limited to due consideration of the § 3553(a) factors[3], for its decision.

## III.

Here, the district court sufficiently articulated its reasons for denying Chambliss' request for compassionate release. The court first acknowledged that Chambliss' terminal disease constitutes "an extraordinary and compelling reason for a sentence reduction" and that he "does not present a danger upon release." But the court also noted that compassionate release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a). Applying the § 3553(a) factors to the instant case, the district court considered Chambliss' "severe" conduct, his serious drug crime, and his criminal history, which included aggravated robbery. The court also noted that Chambliss had committed the instant offense while on parole and only two years following his release from confinement, emphasizing Chambliss had "clearly disregard[ed] all respect for the law."

Additionally, the district court rejected Chambliss' argument that the 14 years he has served was adequate punishment because the drug quantity used for sentencing was too high. Instead, the court concluded that "releasing [Chambliss] after serving only 14 years of a 30-year sentence minimizes both the impact of [Chambliss'] crime and seriousness of the offense." Moreover, the court, citing the § 3553(a) factors, determined that requiring Chambliss to serve the remainder of his sentence would "provide just punishment for the offense" and "afford adequate deterrence to criminal conduct."

---

[3] These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The court also rejected Chambliss' contention that the need for medical care should not have "the effect of extending [Chambliss'] prison term." Chambliss analogized his case to *Tapia v. United States*, 564 U.S. 319, 321 (2011), in which the Supreme Court held that federal courts are precluded from "lengthening a prison term in order to promote a criminal defendant's rehabilitation." The district court, however, found Chambliss' argument to be without merit because it was deciding whether to reduce, not extend, a sentence. We agree.

The court further acknowledged that Chambliss was getting effective medical care at FMC Rochester. Finally, the district court, noting the discretionary and fact-specific nature of the requested relief, was unpersuaded by other district court decisions Chambliss cited in which compassionate release was granted under the First Step Act.

On appeal, Chambliss contends that the district court abused its discretion by considering the need for effective medical treatment and by failing to consider amendments to the career offender and drug guideline. However, having reviewed the district court's clearly-articulated reasons for denying Chambliss' motion to reduce his sentence, we find no abuse of discretion. The district court did not base its decision on an error of law or a clearly erroneous assessment of the evidence. *See Chapple*, 847 F.3d at 229. And although Chambliss may disagree with how the district court balanced the § 3553(a) factors, that is not a sufficient ground for reversal. *See United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016). Accordingly, we AFFIRM.